Ronald L. Tobia, Esq. (RT-9775)
Othiamba N. Lovelace, Esq. (OL-8850)
Chiesa Shahinian & Giantomasi PC
One Boland Drive
West Orange, NJ 07052
Telephone: (973) 325-1500
Facsimile: (973) 325-1501
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN KOVACS, DIAMOND CONSTRUCTION AND STATEWIDE CONSTRUCTION PERSONNEL INC., <br><br> Plaintiffs, <br><br> vs. <br><br> STATE OF NEW JERSEY DEPARTMENT OF LABOR & WORKFORCE DEVELOPMENT, STATE OF NEW JERSEY OFFICE OF ADMINISTRATIVE LAW, JOHN DOE 1-10, AND JOHN DOE AGENCIES 1-10, <br><br> Defendants. | Civil Action No.: <br><br> **COMPLAINT** |

Plaintiffs John Kovacs ("Kovacs"), Diamond Construction ("Diamond"), and Statewide Construction Personnel Inc. ("SCPI", collectively with Kovacs and Diamond, the "Plaintiffs"), by way of this Complaint against Defendants State of New Jersey Department of Labor & Workforce Development ("NJDOL"), State of New Jersey Office of Administrative Law ("NJOAL"), John Does 1-10, and John Doe Agencies 1-10, (collectively with the NJDOL and NJOAL, the "Defendants") allege as follows, upon knowledge with respect to their own acts and upon information and belief with respect to all other matters:

**NATURE OF THE ACTION**

1. This action arises out of the Defendants' improper encroachment and usurpation of the federal government's primary jurisdiction concerning the enforcement and interpretation of the provisions of the Davis Bacon Act, 40 U.S.C. § 276a, et seq. ("DBA") and the Housing and Community Development Act of 1974 ("HCDA"), their refusal to accept the unquestionable validity and authority of certified payroll records submitted on Federal Form WH-347 (the "Federal Payroll Form") and which were approved by the federal government, and the Defendants' ongoing attempts to interfere with the Plaintiffs' ability to work on future projects in New Jersey.

2. When a determination is made by the federal government acknowledging that a company's certified payroll records are in compliance with the DBA and HCDA, state agencies should not then be permitted to then essentially overrule that decision and declare that those same records somehow violate the DBA and the HCDA. This is especially true when the payroll records are submitted on the Federal Payroll Form. Decisions as to whether a violation of the DBA or HCDA has occurred, or whether the Federal Payroll Form is to be considered a complete certified payroll record for federally funded construction projects are all decisions that should be made by the federal government, an in particular the United States Department of Labor, and not the States.

3. However, despite the fact that the federal government has primary jurisdiction over the interpretation and enforcement of the DBA, HCDA, and issues related to its Federal Payroll Form, the Defendants have initiated enforcement proceedings against the Plaintiffs alleging what are essentially violations of the DBA and the HCDA based on the Defendants incorrect interpretation of federally approved Federal Payroll Forms submitted by the Plaintiff's

in connection with work performed on a federally-funded construction project in Burlington New Jersey.

4. As a result of this conduct, Plaintiffs have already suffered damages fighting the enforcement proceedings initiated by the Defendants and will suffer further harm unless this Court: immediately orders the Defendants to terminate the enforcement proceedings they initiated against the Plaintiffs in the NJOAL; 2) declares that the interpretation and enforcement of the DBA, HCDA, and the Federal Payroll Form are within the primary jurisdiction of the federal government and decisions rendered by the federal government concerning the Federal Payroll Form or a company's compliance with the DBA or HCDA cannot be overruled or circumvented by the Defendants; and 3) declares that the payroll records submitted by the Plaintiffs on Federal Payroll Forms, which were approved by the federal government, are sufficient to establish the Plaintiffs' compliance with the wage and reporting requirements of the DBA and HCDA. Accordingly, the Plaintiffs seek injunctive relief, declaratory relief, and further compensation for the damages they suffered as a direct result of the Defendants' improper conduct as set forth herein.

## JURISDICTIONAL STATEMENT

5. This Court possesses jurisdiction over this matter pursuant to 28 U.S.C. § 1331, since the Plaintiffs' right to relief depends on the resolution of substantial questions of federal law.

6. The Court further possesses jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §§ 2201 and 2202, with powers to render a declaratory judgment and grant such other relief sought herein.

**VENUE**

7. Venue is properly made herein pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiffs reside in New Jersey and a substantial part of the events giving rise to this action occurred in New Jersey.

**PARTIES**

8. Kovacs is a New Jersey resident with a primary address of 123 Old Orchard Rd, East Toms River, New Jersey 08755. Kovacs is also the president of SCPA and Diamond and he manages hundreds of projects for the State of New Jersey each year.

9. SCPA is a New Jersey Corporation with its principal place of business located at 130 Maple Avenue, Suite WB-2, Red Bank, New Jersey 07701.

10. Diamond is a New Jersey Corporation with its principal place of business located at 35 Beaverson Boulevard, Suite 12C, Brick, New Jersey 08723.

11. NJDOL is a New Jersey state agency located at 1 John Fitch Plaza, Trenton, New Jersey 08611.

12. NJOAL is a New Jersey state agency located at 9 Quakerbridge Plaza, Mercerville, New Jersey 08619.

13. John Does 1-10, are currently unknown employees of the NJDOL and/or NJOAL that participated in the decision making process and/or were responsible for the Defendants' conduct as alleged herein.

14. John Doe Agencies 1-10 are currently unknown New Jersey state agencies that participated in the decision making process and/or were responsible for the Defendants' conduct as alleged herein.

**STATEMENT OF FACTS**

**The Burlington Project**

15. On May 5, 2015, the City of Burlington ("Burlington") awarded its federally funded 2014 Small Cities Community Development Block Grant ADA Ramp Improvements Contract No. 2015-2 to Diamond ("the Contract").

16. Pursuant to the Contract, Diamond was hired through a bidding process to construct ADA infrastructure improvements at various intersections in Burlington using federal funds (the "Project").

17. The funding for the Project came directly from a Small Cities CDBG Public Facilities Grant, which was funding issued by the U.S. Department of Housing and Urban Development ("HUD").

18. At the same time the federally funded Project was awarded to Diamond, Burlington also sent Diamond a list of supplementary conditions that stated that the Project would be governed by the federal government's labor standards and the DBA.

19. As is standard in such construction projects, Diamond was required to submit certified payrolls during the duration of the Project.

20. Diamond used the Federal Payroll Form when preparing its certified payrolls for work performed on the Project.

21. The Federal Payroll Forms submitted by Plaintiffs contained all of the information requested therein.

22. The certified payrolls submitted by the Plaintiffs during the Project were reviewed approved by the federal government.

23. During the course of the Project the Defendants never informed Plaintiffs that the

Federal Payroll Forms were insufficient, deficient.

24. During the course of the Project the Defendants never informed Plaintiffs that the wage rates listed on their payroll records were insufficient or deficient.

**The 2016 Audit**

25. After the Project was completed, on or about March 24, 2016, the NJDOL informed Plaintiffs that it was going to be routinely audited to determine if all applicable wage rates had been complied with during the Project (the "2016 Audit").

26. The 2016 Audit took place on or about April 15, 2016.

27. Despite the Plaintiffs use of the Federal Payroll Form when it submitted its certified payrolls for the Project and despite the fact that the federal government reviewed and approved those same payroll records, after the 2016 Audit was concluded, the NJDOL informed Plaintiffs that they would be sanctioned based on the NJDOL's independent review of those payroll records.

28. Plaintiffs were also informed that based on the NJDOL's own independent review and interpretation of the Plaintiffs' federally approved payroll records (which were submitted using the Federal Payroll Form), that the records for Kovacs who is the President of the Diamond, appeared to be (in the NJDOL's opinion) inaccurate resulting in an underpayment of $4,001.40 to Kovacs personally.

29. However, the NJDOL failed to properly interpret the federally approved payroll records submitted by the Plaintiffs on the Federal Payroll Forms.

30. Despite the Plaintiffs' repeated attempts to show the NJDOL that it had simply failed to properly read and interpret the accounting format contained in the Federal Payroll Forms and despite the Plaintiffs' demands that the NJDOL consult the federal government

concerning this issue, the NJDOL has refused to do so and has refused to stop its enforcement efforts concerning information on federal forms that were submitted to and ultimately approved by the federal government.

31. The NJDOL also claimed that the Federal Payroll Forms were deficient because they did not list all the fringe benefits received by the Plaintiffs' workers, although there is no dispute that Plaintiffs paid all required fringe benefits.

32. The Defendants should have consulted the federal government concerning their interpretation of the Federal Payroll Forms, but the Plaintiffs have failed to obtain an opinion concerning this issue from the federal government and has instead encroached upon the primary jurisdiction of the federal government by overruling the federal government's prior decisions which approved the payroll records submitted by the Plaintiffs in connection with the Project.

33. Additionally, although the project was federally funded and therefore outside of the jurisdiction of the NJDOL, Plaintiffs were notified that they would be found in violation of New Jersey's reporting requirements, despite the fact that the Contract required compliance with the wage rates established by the DBA and HDCA.

34. In response, the Plaintiffs informed the NJDOL that its documents conclusively demonstrated that the Plaintiffs paid its employees in accordance with the prevailing wages required by the DBA and HDCA.

35. While the Defendants have attempted to describe their alleged violations as state charges, since the Project is federally funded, there can be little doubt that the violations are actually an attempt to interpret and enforce federal law and undermine the federal government's primary jurisdiction to interpret and issue decisions concerning its own Federal Payroll Forms.

36. Although Plaintiffs attempted on numerous occasions to resolve this dispute

without judicial intervention, the Defendants have refused to cease their inappropriate conduct.

37. As a result, the Plaintiffs have been left with no choice but to file the current action requesting that the Court: immediately order the Defendants to terminate the enforcement proceedings they initiated against the Plaintiffs in the NJOAL; 2) declare that the interpretation and enforcement of the provisions of the DBA and the HCDA and decisions concerning the Federal Payroll Forms are within the primary jurisdiction of the federal government and that decisions rendered by the federal government concerning the Federal Payroll Forms or a company's compliance with the DBA or HCDA cannot be overruled or circumvented by the Defendants; and 3) declare that the payroll records submitted by the Plaintiffs using Federal Payroll Forms and which were approved by the federal government are sufficient to establish the Plaintiffs compliance with the wage and reporting requirements of the DBA and HCDA.

## FIRST COUNT

### (Declaratory Judgment)

38. Plaintiffs repeat each and every one of the allegations set forth in the preceding paragraphs as if fully set forth at length herein.

39. This Court, pursuant to 28 U.S.C. § 2201, in a "case of actual controversy," is permitted to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

40. An actionable, legal controversy exists between Plaintiffs and Defendants that requires a declaration of their respective rights, obligations, and legal relationship under in connection with the Defendants improper interpretation and enforcement of the provision of the DBA and HCDA.

41. The Plaintiffs submitted full and complete certified payroll records for the work

performed on the Project on Federal Payroll Forms that were approved by the federal government.

42. The Defendants lack jurisdiction to overrule decisions made by the federal government concerning the sufficiency of the certified payrolls submitted on Federal Payroll Forms it has approved in connection with federally funded projects.

43. The violations issued and enforcement proceedings initiated by the Defendants against the Plaintiffs are attempts to enforce and interpret the provisions of the DBA and the HCDA.

44. The Defendants lack jurisdiction to enforce and interpret the provisions of the DBA and HCDA.

45. As set forth herein, Plaintiffs have suffered damages and continue to suffer damages as a result of the Defendants' conduct.

**WHEREFORE**, Plaintiffs demand judgment as follows:

a. Ordering and declaring that the Defendants lack jurisdiction to interpret and enforce the provisions of the DBA and HCDA;

b. Ordering and declaring that the Federal Payroll Form contains all required information contractors need to supply in order to satisfy their payroll reporting requirements on federally funded projects governed by the DBA and HCDA;

c. Ordering and declaring that the enforcement proceedings initiated by the Defendants must be terminated since the Defendants lack jurisdiction to render a decision concerning the federal laws and federal forms at issue therein;

d. Ordering and declaring that Plaintiffs fully complied with all federal wage and hour requirements required for the Project;

e. Ordering and declaring that the Plaintiffs are entitled to an award of attorneys' fees and costs they incurred as a result of the Defendants' conduct; and

f. Granting any further relief this Court may deem just and equitable.

## SECOND COUNT

### (Injunctive Relief)

46. Plaintiffs repeat each and every one of the allegations set forth in the preceding paragraphs as if fully set forth at length herein.

47. Plaintiffs have suffered significant damages defending their rights against the New Jersey Defendants' inappropriate enforcement proceedings.

48. Plaintiffs have suffered irreparable harm as a result of the Defendants' cumulative conduct as alleged herein.

49. Plaintiffs have also suffered irreparable harm as a result of the Defendants decision to proceed with enforcement proceedings that usurp the federal government's primary jurisdiction to interpret and enforce federal laws and issue decisions concerning its federal forms.

50. There is no adequate remedy at law because Plaintiffs will be rendered unable to conduct business in New Jersey if the Defendants' enforcement proceedings are not terminated.

51. Plaintiffs' claims are meritorious because the doctrine of primary jurisdiction demands that the interpretation and enforcement of the DBA and the HCDA be decided by the federal government.

52. Plaintiffs' claims are also meritorious because the certified payrolls that the Plaintiffs submitted using the Federal Payroll Form were approved by the federal government and that decision cannot be overturned or circumvented by the Defendants.

**WHEREFORE**, Plaintiffs demand judgment as follows:

1.	Ordering that the enforcement proceedings initiated by the Defendants against the Plaintiffs be terminated immediately;

2.	Or alternatively, that the enforcement proceedings initiated by the Defendants against the Plaintiffs be stayed until this matter has been resolved;

3.	Ordering the award of attorneys' fees and costs of suit incurred to Plaintiffs; and

4.	Granting any further relief that this Court may deem just and equitable.

Respectfully submitted,

By:	*/s/ Ronald L. Tobia*
Ronald L. Tobia, Esq. (RT-9775)
CHIESA SHAHINIAN & GIANTOMASI PC
One Boland Drive
West Orange, NJ 07052
(973) 530-2044
rtobia@csglaw.com
Attorneys for Plaintiffs

Dated:  December  26, 2018


## CERTIFICATION

I hereby certify that the matter in controversy is the subject of another action pending in the New Jersey Office of Administrative Law, docket no. LID 05339-2018 S.

CHIESA SHAHINIAN & GIANTOMASI PC
Attorneys for Plaintiffs


By:	*/s/ Ronald L. Tobia*
RONALD L. TOBIA

Dated:  December  26, 2018

4832-0201-4337.v1

## DESIGNATION OF TRIAL COUNSEL

Please take notice that Ronald L. Tobia, Esq. (RT-9775) is designated as trial counsel for the Plaintiffs in this matter.

        CHIESA SHAHINIAN & GIANTOMASI PC
        Attorneys for Plaintiffs

        By: */s/ Ronald L. Tobia*
             RONALD L. TOBIA

Dated: December 26, 2018